Irene M. Posvic, Defendant in Error, v. A. C. Harford
et al. Herman Ronnau, Plaintiff in Error.

Gen. No. 23,513.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DENNIS W.
SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1917. Affirmed on remittitur; otherwise
reversed and remanded. Opinion filed May 14, 1918.

## Statement of the Case.

Action by Irene M. Posvic, plaintiff, against A. C.
Harford, Herman Ronnau and others, defendants, to
recover damages for breach of a contract for the sale
of real estate. Plaintiff dismissed as to all defendants
except Herman Ronnau and judgment was rendered
against said Ronnau for $800, from which he brings
error.

ALBERT H. FRY, for plaintiff in error.

OTTO F. RING, for defendant in error.

MR. JUSTICE MCDONALD delivered the opinion of the
court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 352*—*when shown that agent had
no authority to execute contract for joint owners.* In an action
against one of the joint owners of real estate for damages for
breach of a contract to sell the real estate to plaintiff, evidence
*held* sufficient to sustain the finding that defendant ordered his
agent to make a contract in behalf of all the owners and without
authority.

2. PLEADING, § 258*—*what amendments may be made before
judgment.* Under section 39 of the Practice Act (J. & A. ¶ 8576),
amendments may be made before judgment by discontinuing as to
any joint defendant and changing the form of action.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.
Vol. CCXI 18

3. VENDOR AND PURCHASER, § 340*—*when joint owner is liable for failure to fulfil contract to sell.* One of the joint owners of real estate who undertakes without authority to contract on behalf of all the owners to sell the property is liable to the purchaser for damages sustained as the result of his inability to perform the contract.

4. VENDOR AND PURCHASER, § 343*—*what is measure of damages for breach of contract to sell realty.* The measure of damages for breach of a contract to sell real estate is the difference between the contract price and what the purchaser had contracted to sell the real estate for to another.